1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITCHIE PHILLIPS, dba R&D
COMPUTERS,

    Plaintiff,

    v.

WORLDWIDE INTERNET
SOLUTIONS, et al.,

    Defendants.

_____

No. C 05-5125  SBA

**ORDER**

[Docket No. 6]

    This matter comes before the Court on defendant Worldwide Internet Solutions, Inc.'s ("Defendant") Motion to Dismiss First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) & 12(b)(6).  Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  The Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss [Docket No. 6] for lack of personal jurisdiction and DISMISSES Defendant Worldwide Internet Solutions, Inc.

///
///
///
///

**United States District Court**
For the Northern District of California

# BACKGROUND

### A.     Factual Background[1]

Plaintiff Ritchie Phillips dba R&D Computers ("Plaintiff") is an internet access provider. Ritchie Decl. at ¶ 2. Defendant Worldwide Internet Solutions, Inc. (referred to herein as "Defendant" or "Wisol") is a website hosting service. S. Hourani Decl. at ¶ 2. Plaintiff believes that Wisol operates under the aliases "cashring.com," "iwantu.com," and "wisol.com."[2]

Plaintiff also believes that defendant Trevor Hayson ("Hayson") operates under the aliases "alt-relationships.com," "eros-matching.com," and "hot-women-now.com." FAC at ¶ 5.

Plaintiff contends that Wisol and Hayson are engaged in a common enterprise and conspiracy. *Id.* at ¶¶ 6-7. Specifically, Plaintiff believes that the defendants sent or caused to be sent more than 10,000 deceptive and unsolicited commercial electronic mail messages during the period of August 27, 2005 through December 2, 2005 to Plaintiff's computer server. *Id.* at ¶ 9. These electronic (or "email") messages contained, or were accompanied by, false, misleading, or forged header information, and did not clearly identify that the messages were advertisements or solicitations. *Id.* at ¶¶ 10, 14. In fact, over 10,000 email advertisements contained a misleading subject line. *Id.* at ¶ 11. Additionally, over 10,000 email messages sent to Plaintiff's computer did not provide Plaintiff with notice of the opportunity to decline to receive further e-mail communications, and did not contain a functioning return address or other internet-based mechanism that the recipient could use to communicate to the sender that no further e-mails should be sent. *Id.* at ¶¶ 13, 14. Plaintiff believes that the defendants used a "harvest and directory attack" or an "automated creation of multiple email accounts" to send over 10,000 commercial email messages to Plaintiff's computer. *Id.* at ¶ 15.

---

[1]Unless otherwise noted, the following facts are taken from the First Amended Complaint ("FAC"). The Court has also considered the declarations of Maher Michel Hourani, Samer Hourani, Ritchie Phillips, Krystle Gifford, and Richard Grabowski, but *only* to the extent that those declarations bear on the issue of personal jurisdiction. All other factual allegations have been disregarded. The Court has also disregarded Plaintiff's reference to the book *Inside the SPAM Cartel - Trade Secrets from the Dark Side*, as Plaintiff did not properly request judicial notice of the book, or even produce it to the Court, and the contents of the book cannot be considered for the truth of the matters asserted therein. Further, the book is not relevant to the personal jurisdiction issue.

[2]In fact, as set forth in greater detail below, cashring.com and iwantu.com are owned by an entity known as Mana Internet Solutions, Inc. *See* M. Hourani Decl. at ¶¶ 1-3.

**B.      Jurisdictional Facts**

Wisol is a Canadian corporation with its principal and only place of business in Montreal, Canada. FAC at ¶ 3; S. Hourani Decl. at ¶ 4. Wisol was founded by Maher Hourani. M. Hourani Decl. at ¶ 5.

Mana Internet Solutions, Inc. ("Mana") is a Costa Rican company formed in 2001 by Maher Hourani. M. Hourani Decl. at ¶ 2. Mana's sole place of business is in Costa Rica. *Id.* Mana is the owner and operator of Iwantu, an adult-oriented internet dating service, and the website www.iwantu.com. *Id.* Mana is also the owner and operator of Cashring, an affiliate program of Iwantu. *Id.* at ¶ 3. Affiliates of Cashring, each of whom is an independent contractor and not an employee or agent, are compensated by Mana for internet traffic forwarded to www.iwantu.com. *Id.*

On June 1, 2003, Maher Hourani sold Wisol to his brother, Samer Hourani, for CAN$200,000 via a written agreement. *Id.* at ¶ 5. Samer Hourani is now the sole officer, director, and stockholder of Wisol. S. Hourani Decl. at ¶ 2. Mana and Wisol do not share any officers, directors, shareholders, or assets. *Id.*

Iwantu and Cashring remained Maher Hourani's personal property until they were transferred to Mana.[3] *Id.* Wisol provides website hosting for Mana and other customers. M. Hourani Decl. at ¶ 6. It does not take a percentage of profits or revenues from Cashring or Iwantu operations. *Id.* In exchange for Wisol's hosting of Mana's websites, Mana has provided a handful of "banner-ad" affiliates that advertise Wisol's hosting services. *Id.* The banners forward traffic to Wisol using "click-through" technology. *Id.* Additionally, Mana pays Wisol a monthly fee for answering customer service calls, forwarding Mana's North American mail, and providing dedicated server space. S. Hourani Decl. at ¶ 7.

All of Wisol's employees are located in Montreal, Canada. S. Hourani Decl. at ¶ 4. Wisol does not have any employees, independent contractors, or consultants doing business in California. *Id.* Wisol also does not own, use, or possess any real estate or any other assets in California, or anywhere

---

[3]Although the agreement between the brothers provided that the domain name www.cashring.com would be transferred to Mana immediately upon the conclusion of the transaction, the domain name was not formally transferred to Mana until on or about the time the instant Motion to Dismiss was filed, due to an oversight. M. Hourani Decl. at ¶ 5; S. Hourani Decl. at ¶ 2.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

else in the United States, or have any offices in California. *Id.* All of the computer servers utilized by Wisol are located in Montreal. *Id.* Additionally, Wisol does not pay or owe any taxes in California. *Id.* at ¶ 4. Further, Wisol does not maintain a mailing address or telephone listing in California.[4] *Id.* Wisol does not maintain any accounts with California banks, does not have any investments in California, and is not licensed or regulated by any California government agency. *Id.* at ¶¶ 4-5.

Wisol provides website hosting for Mana and other customers. S Hourani Decl. at ¶ 6. Only three of Wisol's website hosting customers are located in California. *Id.*

**C.    Procedural History**

On December 12, 2005, Plaintiff filed a Complaint in this district against defendants Socialnet, Inc. dba relationships.com and Matchnet, Inc. for: (1) violation of the CAN-SPAM Act of 2003, 15 U.S.C. § 7704(a)(1),(2),(3), and (5) and 15 U.S.C. § 7704(b)(1) and (2); and (2) violation of California Business and Professions Code § 17529.5.

On January 3, 2006, Plaintiff filed a First Amended Complaint against defendants Wisol, cashring.com, iwantu.com, wisol.com, Trevor Hayson dba alt-relationships.com, eros-matching.com, and hot-women-now.com for: (1) violation of the CAN-SPAM Act of 2003, 15 U.S.C. § 7704(a)(1),(2),(3), and (5) and 15 U.S.C. § 7704(b)(1) and (2); and (2) violation of California Business and Professions Code § 17529.5. Plaintiff does not specifically state the basis for asserting personal jurisdiction over Wisol in his First Amended Complaint.

On March 14, 2006, Defendant Wisol filed the instant Motion to Dismiss. Pursuant to a stipulation between the parties, and a subsequent Order of the Court, the hearing on the Motion was continued to June 20, 2006.

**LEGAL STANDARD**

**A.    Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides the district court with the authority to dismiss an action for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In order to withstand a motion to dismiss for lack of jurisdiction in the

---

[4]It does, however, have a post office box address in Seattle, Washington. *Id.* at ¶ 7.

initial stages of litigation, the plaintiff need only "make, through [his] pleadings and affidavits, a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In ruling on a Rule 12(b)(2) motion, the pleadings are to be viewed in a light most favorable to plaintiff and all doubts are to be resolved in his favor. *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 n.1 (9th Cir. 1995).

There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir.), *cert. denied*, 516 U.S. 908 (1995). The presence of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). General jurisdiction exists where it is established that the defendant has "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citation omitted).

As to specific jurisdiction, there are two components that must be fulfilled. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). First, the exercise of personal jurisdiction must comport with the forum state's long arm statute. *Id.* Second, the exercise of personal jurisdiction must satisfy the constitutional requirement of due process. *Id.* As to the first inquiry, California's long-arm statute, California Code of Civil Procedure § 410.10, provides for personal jurisdiction to the full extent allowed by the requirements of due process. *Id.* As such, "the question is whether exercising jurisdiction over defendants would offend due process." *Id.*

The Ninth Circuit has set forth a three-part test to determine whether a district court's exercise of specific jurisdiction comports with due process:

> (1)   the nonresident defendant must do some act or consummate some transaction with the forum or perform some transaction with the forum by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections;
>
> (2)   the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3)   the exercise of jurisdiction must be reasonable.

1    *Ballard*, 65 F.3d at 1498.

2          The plaintiff bears the burden of meeting this test.    *Haisten v. Grass Valley Medical*

3    *Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).   In the event that the plaintiff makes

4    a prima facie showing of purposeful availment and forum related activities, "a presumption of

5    reasonableness" arises, which the defendant bears the burden of overcoming.   *Id.*

6          The purposeful availment test focuses on whether a "defendant's conduct and connection with

7    the forum state are such that he should reasonably anticipate being haled into court there."   *World Wide*

8    *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).   The focus on the defendant's affirmative

9    conduct is designed to ensure that the defendant is not haled into court as a result of "random, fortuitous

10   or attenuated contacts."   *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

11   "Purposeful availment analysis examines whether the defendant's contacts with the forum are

12   attributable to his own actions or are solely the actions of plaintiff."   *Sinatra v. National Enquirer*, 854

13   F.2d 1191, 1195 (9th Cir. 1988).

14   **B.      Dismissal for Failure to State a Claim**

15         Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it

16   appears beyond a reasonable doubt that the plaintiff "can prove no set of facts in support of his claim

17   which would entitle him to relief."   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   For purposes of such

18   a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded

19   factual allegations are taken as true.   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest &*

20   *Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).   All reasonable

21   inferences are to be drawn in favor of the plaintiff.   *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296

22   (9th Cir. 1997).

23         The court does not accept as true unreasonable inferences or conclusory allegations cast in the

24   form of factual allegations.   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *See*

25   *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law

26   and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell*

27   *v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem Co.*, 845 F.2d 802,

28   810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to

1    dismiss for failure to state a claim.").

2         When a complaint is dismissed for failure to state a claim, "leave to amend should be granted

3    unless the court determines that the allegation of other facts consistent with the challenged pleading

4    could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

5    1393, 1401 (9th Cir. 1986).  The Court should consider factors such as "the presence or absence of

6    undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

7    undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*

8    *Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  Of these factors, prejudice to the opposing party

9    is the most important.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing

10   *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).  Leave to amend is

11   properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

12   655, 658 (9th Cir. 1992).

13                                          **ANALYSIS**

14   **A.    Motion to Dismiss for Lack of Personal Jurisdiction**

15         In support of its Motion to Dismiss for lack of personal jurisdiction, Wisol argues that Plaintiff

16   has not established either general or specific jurisdiction over it.

17         **1.    General Jurisdiction**

18         The Court agrees that Plaintiff has utterly failed to meet his "high" burden of establishing that

19   this Court has general jurisdiction over Wisol.  *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.

20   1986).  First, Plaintiff fails to address, or even acknowledge, the fact that: (1) Wisol is a Canadian

21   corporation located in Montreal, Canada; (2) all of Wisol's employees are located in Montreal, Canada;

22   (3) Wisol does not have any employees, independent contractors, or consultants doing business in

23   California; (4) Wisol does not own, use, or possess any real estate or any other assets in California; (5)

24   Wisol does not have any offices in California; (6) all of the computer servers utilized by Wisol are

25   located in Montreal; (7) Wisol does not pay or owe any taxes in California; (8) Wisol does not maintain

26   a mailing address or telephone listing in California; (9) Wisol does not maintain any accounts with

27   California banks; (10) Wisol does not have any investments in California; and (11) Wisol is not licensed

28   or regulated by any California government agency.  *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*

223 F.3d 1082, 1086 (9th Cir. 2000) (noting that factors to be taken into consideration in determining whether general jurisdiction exists are whether the defendant makes sales, solicits or engaged in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there).  Further, Plaintiff has also failed to address the holding of *Amoco Egypt Oil Co. v. Leonis Nav. Co. Inc.*, 1 F.3d 848, 852 (9th Cir. 1993), which emphasizes that the unique burden placed upon foreign corporations asked to defend themselves in the United States carries significant weight in assessing the reasonableness of asserting jurisdiction over that defendant.  *Id.*

Instead, Plaintiff relies solely on the holding of *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003).  However, Plaintiff neglects to mention to the Court that the *Gator* decision was **vacated**.  *See Gator.com Corp. v. L.L. Bean, Inc.*, 366 F.3d 789, 789 (9th Cir. 2004).[5]  Plaintiff's reliance on the fact that Wisol has three California customers and is "partnered" with California vendors is also unpersuasive to the Court.  As the Ninth Circuit explained in *Bancroft*, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity the approximates physical presence within the state's borders." *Id.* at 1086; *see also Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (noting that "no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action").  Moreover, Plaintiff's evidence makes clear that the services that Wisol provides to its customers takes place in *Canada*, where its servers are located.  *See* Grabowski Decl. at Ex. P.

## 2.    Specific Jurisdiction

The Court is also not persuaded by Plaintiff's argument that specific jurisdiction exists.  As the party bearing the burden of proof on specific jurisdiction, Plaintiff must show that each element of the following three-part test is satisfied:

(1)    that Wisol has committed some act or consummated some transaction with the forum or

---

[5]Even if the Court were to consider the *Gator.com* decision, the facts of *Gator.com* are vastly different from the case at bar.  In *Gator.com*, which the three-judge panel admitted presented a "close" case, there was evidence that *L.L. Bean* had engaged in extensive marketing and sales efforts aimed at California, had extensive contacts with California vendors, and had a website "clearly and deliberately structured to operate as a sophisticated virtual store in California." *Gator.com*, 341 F.3d at 1078.  Here, contrary to Plaintiff's unsupported assertions, Wisol is not a virtual store that can be used to buy or ship goods to California or elsewhere.  Rather, it is a website hosting service located in and operated out of Canada.

United States District Court
For the Northern District of California

1  performed some transaction with the forum by which it purposely availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections;

2

3  (2)  that the claim is one that arises out of or results from the Wisol's forum-related activities; and

4

5  (3)  that the exercise of jurisdiction is reasonable.

*Ballard*, 65 F.3d at 1498.  *Haisten*, 784 F.2d at 1397.  Only in the event that Plaintiff makes a prima facie showing of purposeful availment and forum related activities does "a presumption of reasonableness" arise.  *Id.*

As a preliminary matter, the Court notes that Plaintiff's entire argument with respect to specific jurisdiction rests on Plaintiff's understandably mistaken belief, which has now been sufficiently clarified by Defendant, that Wisol is the owner and operator of Cashring.[6]  Indeed, Plaintiff correctly observes that the relationship between Wisol and Cashring is, at first glance, confusing and not readily apparent to the public.  Moreover, the information and evidence that was publicly available to Plaintiff at the time he filed his First Amended Complaint, which consisted of database and "whois" registry searches, suggested that there was a substantial or material relationship between Cashring and Wisol.  *See, e.g.,* Gifford Decl. at Exs. A, B; *see also* Grabowski Decl. at Exs. G, J, K, L, M, N.  Nevertheless, Defendant has submitted uncontroverted evidence that Wisol is not, in fact, the owner of Cashring and was not the owner of Cashring during the relevant time period.[7]  Further, and most importantly, the owner of *Mana*

---

[6]Plaintiff also argues that personal jurisdiction can be conferred on Wisol due to the actions of Hayson.  However, there is no credible evidence before the Court that Hayson was acting as an agent of Cashring, much less that he is affiliated with *Wisol*.  As stated by the Court of Appeals in Maryland, the mere fact that Hayson's emails contain a hyperlink to a website hosted by Wisol is not sufficient to show – or even suggest – that Hayson was acting on behalf of Wisol.  *See Beyond Systems, Inc. v. Real Time Gaming Holding Co., LLC*, 878 A.2d 576, 582 (Md. 2005).

[7]While the Court is mindful of the fact that it must resolve all conflicts between the parties' affidavits in Plaintiff's favor, *see AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996), in the instant case, there is no such conflict, because Wisol and Mana's account of the nature and the history of the relationship between Cashring and Wisol, which they admit is not readily apparent to the public or available through public resources, fully explains the discrepancies between the evidence that Plaintiff and Defendant have produced.  Further, in this particular case, Plaintiff is not prejudiced by the Court's reliance on Defendant's evidentiary submissions, as the Court will allow Plaintiff the opportunity to file an amended complaint against Mana, who has now been identified as the proper defendant.  In light of the Court's decision to grant Plaintiff leave to file against Mana, the Court concludes that granting Plaintiff leave to conduct discovery with respect to Wisol is unnecessary and improper.  *See Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World*

United States District Court

For the Northern District of California

1  has *voluntarily* submitted a sworn affidavit to the Court, clearly explaining the nature of the relationship

2  between Cashring, Mana, and Wisol, and averring that he is the owner of Cashring and therefore the

3  proper defendant in this action.

4      Accordingly, the Court finds that Plaintiff has not established that this Court has specific

5  jurisdiction over Wisol.  To satisfy the first two elements of the specific jurisdiction test, Plaintiff must

6  establish that Wisol deliberately engaged in significant activities within California or created

7  "continuing obligations" between it and the residents of California, manifestly availing itself of the

8  privilege of conducting business here, and that such activities were directly related to the allegations set

9  forth in the First Amended Complaint. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *Omeluk*

10 *v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271-72 (9th Cir. 1995).  Here, Plaintiff has not

11 produced any evidence showing that the forum-related activity, *i.e.* the direct or indirect sending of

12 "spam" emails, was performed by Wisol.  Plaintiff has only established that he received certain emails

13 from Hayson, and that Hayson may have sent the emails due to his affiliation with Cashring.  However,

14 the correct owner of Cashring has now been identified, and Plaintiff will be allowed to amend his

15 complaint to state a claim against this entity.  Allegations pertaining to Cashring's activities are not

16 sufficient to establish jurisdiction over Wisol.

17     Nor has Plaintiff satisfied the "effects" test established in *Calder v. Jones*, 465 U.S. 783, 789

18 (1986).  In *Calder*, the United States Supreme Court held that personal jurisdiction could be established

19 over a non-resident defendant if: (1) the defendant committed an intentional act; (2) expressly aimed

20 at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state.

21 *Id.*; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).  Again, however,

22 Plaintiff has not shown that Wisol aimed any allegedly false and misleading statements at California or

23 caused harm that Wisol knew was likely to be suffered in California.  In fact, unlike *Calder*, there is no

24 evidence here that the sender of the emails knew that he was sending the emails to an entity or person

25 located in California.  *Compare with Calder*, 465 U.S. at 788-89 (noting that the allegedly libelous story

26 concerned the California activities of a California resident, . . . was drawn from California sources, and

27 _____

28 *Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists.").

the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California).

Finally, while neither party has squarely addressed the "reasonableness" of asserting personal jurisdiction over Wisol in this forum in great detail, it is a factor that the Court must consider. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487 (9th Cir. 1993); *FDIC v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1442 (9th Cir. 1987) (declining to decide if the defendant had purposefully availed itself of the forum state in light of the conclusion that the exercise of jurisdiction would be unreasonable).  Having considered the relevant factors,[8] the Court finds that they, on balance, strongly weigh against a finding that jurisdiction is reasonable.  Significantly, there is no evidence that Wisol purposefully interjected itself into California. *See Ins. Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981) ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise").  Also, as stated previously, the Ninth Circuit has emphasized that the unique burden placed upon foreign corporations asked to defend themselves in the United States carries significant weight in assessing the reasonableness of asserting jurisdiction over that defendant. *Amoco Egypt Oil Co.*, 1 F.3d at 852.  The United States Supreme Court has also cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano*, 480 U.S. 102, 115 (1987).  Thus, "[c]onsidering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State," the Court concludes that the exercise of personal jurisdiction over Wisol would be unreasonable and unfair. *Id.*

As such, Plaintiff has not established that specific jurisdiction is proper and Defendant's Rule 12(b)(2) motion is GRANTED.  Wisol is therefore DISMISSED from this lawsuit for lack of personal jurisdiction.

**B.    Rule 12(b)(6) Motion to Dismiss**

---

[8]The relevant factors to be considered are: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp.*, 11 F.3d at 1487-88.

United States District Court

For the Northern District of California

1    In the portion of its Motion brought under Rule 12(b)(6), Defendant argues that the second cause

2   of action must be dismissed because: (1) the CAN-SPAM Act preempts California Business and

3   Professions Code § 17529.5; and (2) California Business and Professions Code § 17529.5 violates the

4   Dormant Commerce Clause.[9]   However, because the Court finds that it does not have personal

5   jurisdiction over Wisol, the Court DENIES Defendant's Rule 12(b)(6) Motion as MOOT.[10]

6   **C.      Dismissal of Defendant Hayson**

7    As a final matter, the Court also notes that defendant Hayson has not yet appeared in this action,

8   and there is no evidence that Hayson has been served with the summons and First Amended Complaint,

9   despite the fact that the First Amended Complaint was filed on January 3, 2006.  Accordingly, the First

10  Amended Complaint is DISMISSED WITHOUT PREJUDICE with respect to defendant Hayson

11  pursuant to Federal Rule of Civil Procedure 4(m).  However, since the Court is granting Plaintiff leave

12  to amend the First Amended Complaint to state a claim against Mana Internet Solutions, Inc., the Court

13  will allow Plaintiff to name Hayson in the second amended complaint, so long as Plaintiff serves Hayson

14  within the time period specified below.

15                                    **CONCLUSION**

16   IT IS HEREBY ORDERED THAT Defendant Worldwide Internet Solutions, Inc.'s Motion to

17  Dismiss [Docket No. 6] is GRANTED IN PART AND DENIED IN PART.  Defendant Worldwide

18  Internet Solutions, Inc. is DISMISSED FOR LACK OF PERSONAL JURISDICTION.  Additionally,

19  the First Amended Complaint is dismissed without prejudice with respect to Trevor Hayson pursuant

20  to Federal Rule of Civil Procedure 4(m).

21

22   [9]Defendant also attempts to argue, based on California Proposition 64, that Plaintiff has failed
     to allege facts sufficient to show that he has standing to pursue this cause of action.  However, as
23   Plaintiff points out, this argument borders on frivolous.  Plaintiff is bringing this action on his own
     behalf and has properly stated a claim for liquidated damages, as provided for under the statute.  *See*
24   Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

25   [10]The Court also finds that the manner in which the parties have briefed the constitutional issues
     is wholly inadequate.  Indeed, in its Motion, Defendant devotes less than one page to its analysis of each
26   separate argument.  Plaintiff's Opposition brief is similarly deficient, and Defendant's Reply brief barely
     even addresses Plaintiff's arguments with respect to the Dormant Commerce Clause.  However, since
27   the Court finds that – based on the evidence before it – Wisol is not the proper defendant to be
     presenting these arguments to the Court, the Court concludes that Defendants' arguments regarding the
28   validity of Plaintiff's second cause of action are moot.

1        IT IS FURTHER ORDERED THAT Plaintiff may file an amended complaint against Mana

2  Internet Solutions, Inc. and Trevor Hayson, **no later than twenty-five days of the date of this Order**,

3  if Plaintiff is able to allege, in good faith, facts sufficient to show that this Court has personal

4  jurisdiction over those defendants. <u>Plaintiff must serve the named defendants with the second amended

5  complaint no later than five (5) days after the second amended complaint is filed.</u>

6        IT IS SO ORDERED.

7

8

9

10  Dated: 6/19/06                       SAUNDRA BROWN ARMSTRONG
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

13