**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHIE PHILLIPS dba R&D COMPUTERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>WORLDWIDE INTERNET SOLUTIONS, INC., et al.,<br><br>    Defendants. | No. C 05-5125<br><br>**ORDER**<br><br>[Docket No. 33] |

This Court granted Defendant Worldwide Internet Solutions, Inc.'s Motion to Dismiss for lack of personal jurisdiction on June 20, 2006. Defendant then filed a Motion for Attorney's Fees, which was referred to Magistrate Judge Zimmerman for a Report and Recommendation (R&R). The matter is now before the Court on the R&R.

Defendant sought attorney's fees pursuant to the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), 15 U.S.C. § 7706(g)(4). This section of the statute provides that, in an action brought under the statute, "the court may, in its discretion, require an undertaking for the payment of the costs of such action, and assess reasonable costs, including reasonable attorneys' fees, against any party." Although the parties disagreed over what standard should be applied in determining whether a prevailing defendant should be awarded attorney's fees, Magistrate Judge Zimmerman found it unnecessary to decide, because he found that even under the standard more favorable to Defendant, the Motion for Attorney's Fees should be denied. This standard was articulated in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), in which the Supreme Court adopted an "evenhanded approach," whereby the same standard is applied to prevailing plaintiffs as to prevailing defendants.

Courts applying this approach may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). The Supreme Court emphasized that the main consideration should be the purposes of the statute at issue. *Id.*

Applying the *Fogarty* "evenhanded approach," Magistrate Judge Zimmerman noted that the merits of Plaintiff's claims had not been determined, and at there was no evidence that the suit was frivolous or objectively unreasonable. R&R at 7. Magistrate Judge Zimmerman further noted that, although there is some indication that members of Congress were concerned about abuse of private actions under the statute, there is no evidence that Plaintiff's claims were "ill-motivated or anti-competitive." *Id.* at 8. Finally, Magistrate Judge Zimmerman stated that allowing an award of attorney's fees might serve as a disincentive to litigating violations of the CAN-SPAM Act, which would stunt the development of this new area of law. Concluding that this is not what Congress intended, Magistrate Judge Zimmerman recommended that Defendant's Motion for Attorney's fees be denied.

Defendant filed objections to the Report and Recommendation. First, Defendant argues that Magistrate Judge Zimmerman "should have determined that the evenhanded standard was clearly applicable to CAN-SPAM attorney's fees awards." Objections at 1. According to Defendant, Magistrate Judge Zimmerman's declination to decide between the *Fogerty* evenhanded approach and the standard articulated in *Christianburg Garment v. E.E.O.C*, 434 U.S. 412 (1978), was clearly erroneous. Although Magistrate Judge Zimmerman did not directly decide which standard was correct, he applied the standard which Defendant insists is correct. Thus, any error was entirely harmless, and the Court rejects Defendant's argument.

Next, Defendant argues that Magistrate Judge Zimmerman incorrectly applied the evenhanded standard by failing to address the purposes of the CAN-SPAM Act. Instead, Defendant asserts, he considered only the frivolousness or objective unreasonableness of Plaintiff's case (the *Lieb* factors). Objections at 5-6. Defendant concedes that Magistrate Judge Zimmerman was permitted to consider the *Lieb* factors under *Fogerty*. However, according to Defendant, the CAN-SPAM Act is intended "to

2

recognize the rights of 'legitimate business that wish to use commercial e-mail as another channel for marketing products or services,' balancing those rights, against those who mean to defraud or mislead consumers." *Id.* at 6 (quoting S. Rep. 108-102 at 2349, 2004 U.S.C.C.A.N. 2348). Further, Defendant argues that the statute itself evinces an intent to protect the rights of defendants, by allowing courts to require "an undertaking for the payment of the costs" of an action under the Act and /or award attorney's fees against "any party."

However, Defendant selectively quotes from the legislative history, which earlier states that the purposes of the Act are to:

> (i) prohibit senders of electronic mail (e-mail) for primarily commercial advertisement or promotional purposes from deceiving intended recipients or Internet service providers as to the source or subject matter of their e-mail messages; (ii) require such e-mail senders to give recipients an opportunity to decline to receive future commercial e-mail from them and to honor such requests; (iii) require senders of unsolicited commercial e-mail (UCE) to also include a valid physical address in the e-mail message and a clear notice that the message is an advertisement or solicitation; and (iv) prohibit businesses from knowingly promoting, or permitting the promotion of, their trade or business through e-mail transmitted with false or misleading sender or routing information.
> S. Rep. 108-102 at 2348.

The Senate Report also stated that the Act was intended to protect the convenience and efficiency of e-mail, and to prevent time and monetary losses to individuals and internet service providers. Id. at 6-7; *see also* 15 U.S.C. § 7701(a)(2). This is presumably the reason that internet service providers were given a private right of action under the Act, as noted by Magistrate Judge Zimmerman. *See* R&R at 2-3. He reasoned that awarding attorney's fees in suits such as this one, where there is no evidence that Plaintiff had bad intentions or that the suit was frivolous, would disincentivize the bringing of actions under the private enforcement scheme.

Thus, Magistrate Judge Zimmerman did consider the purposes of the statute, as required under *Fogerty*, and he reasonably concluded that an award of attorney's fees in this particular case would not be consistent with the purpose of the CAN-SPAM Act. This Court is not persuaded by Defendant's argument that Magistrate Judge Zimmerman failed to consider the purposes of the Act, or that his analysis was erroneous.

Finally, Defendant argues that Magistrate Judge Zimmerman erred in relying on the fact that this case was adjudicated on the basis of jurisdiction, and stating that the merits of the case were not

determined. Objections at 8. According to Defendant, the Court's order resolving the jurisdictional issue went to the substance of Plaintiff's claims. Further, the fact that Plaintiff persisted in litigating a suit in which personal jurisdiction was so clearly lacking against Defendant rendered the suit frivolous and/or objectively unreasonable. *Id*. at 9-10. In concluding that Plaintiff's suit was not frivolous or unreasonable, Magistrate Judge Zimmerman took into account this Court's statement that Plaintiff was "understandably mistaken" in his argument regarding personal jurisdiction, and the fact that this Court allowed Plaintiff to amend his complaint to allege the proper Defendants. R&R at 7. In arguing that this was erroneous, Defendant recites the reasons stated in the Court's Order granting Defendant's Motion to Dismiss – but the fact that the Motion to Dismiss was granted does not translate into a finding that the suit was frivolous or objectively unreasonable. The Court's comments were directed at Plaintiff's efforts to establish personal jurisdiction over Defendant, not to the substance of his claims under the Act. The fact that Plaintiff "continued to litigate" is not dispositive: all that Plaintiff did was respond to Defendant's Motion to Dismiss; no other action was taken in the litigation. Accordingly, this Court rejects Defendant's arguments and holds that Magistrate Judge Zimmerman's analysis was reasonable.

Having considered the report, and the recommendations therein, and for good cause appearing, IT IS HEREBY ORDERED THAT Magistrate Judge Zimmerman's Report and Recommendation [Docket No. 33] is ADOPTED IN ITS ENTIRETY. Defendant's Motion for Attorney's Fees is DENIED.

IT IS FURTHER ORDERED THAT the Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 1/18/07

SAUNDRA BROWN ARMSTRONG
United States District Judge